USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/1/10

MICROFILMED
FEB - 9 2010 -9 00 AM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
PETE'S PRODUCE, INC.,

      Plaintiff,

   -against-

AHMED B. KARIEM, AICHA O. RAKIBI,
and KUMAR CHAND, all doing business as
Scott's Food a/k/a Scott's,

      Defendants.
------------------------------------X

ORDER TO SHOW CAUSE
FOR PRELIMINARY INJUNCTION
WITH TEMPORARY RESTRAINING
ORDER AND FOR JUDGMENT OF
DEFAULT WITH PERMANENT
INJUNCTION

09 CV 9959 (KMW)

KIMBA M. WOOD, U.S.D.J.:

  This matter is before the Court upon the application of Plaintiff Pete's Produce, Inc. ("Plaintiff"), for an Order (i) granting a Temporary Restraining Order Without Notice pursuant to Rule 65 of the Federal Rules of Civil Procedure, (ii) seeking a Preliminary Injunction, (iii) consolidating the hearing on the Preliminary Injunction with the trial on the merits, and (iv) granting Plaintiff judgment on default, with the inclusion of a Permanent Injunction, in the principal sum of $16,997.50 plus pre-judgment interest from August 18, 2009 through the date of judgment, plus reasonable attorney's fees and costs of recovery in the sum of $3,000, plus costs and disbursements in the sum of $350, pursuant to Civil Rule 55 and Rule 522(a) of the Civil rules for the Southern District of New York.

1

Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if (1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required.

In this case, it appears from the complaint served and filed in this action and the affidavit of Lee Pakulsky, Plaintiff's agent, sworn to on the 27th day of January, 2010, that Plaintiff is a produce creditor of defendants, Ahmed B. Kariem, Aicha O. Rakibi, and Kumar Chand, all doing business as Scott's Food a/k/a Scott's (jointly "Defendants") under Section 5(c) of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. § 499e(c), and has not been paid for produce supplied to defendants in the principal sum of $16,997.50, as required by PACA.

It also appears that Defendants have violated and continue to violate their obligations pursuant to PACA by having failed to pay Plaintiff and by having dissipated trust assets by opening a new corporation in the same location, and transferring

proceeds from the sale of said produce to the newly formed corporation.

By reason of the foregoing actions of Defendants, it appears that, in violation of federal law, the PACA trust assets are threatened with continuing dissipation.

If notice is given to Defendants of the pendency of this motion for a Temporary Restraining Order, trust assets may be further dissipated before the motion is heard.  Once dissipation has occurred, recovery of trust assets is all but impossible.  Entry of the Order without notice assures retention of the trust assets under the control of the Court, which is specifically vested with jurisdiction over the trust.  7 U.S.C. § 499e(c)(4).

In accordance with Civil Rule 65(b)(2), Plaintiff's attorney has certified why notice should not be required.

Based on the foregoing, the Court finds that Plaintiff will suffer immediate irreparable injury in the form of loss of trust assets unless this Order is granted without notice.

Therefore, it is by the United States District Court for the Southern District of New York:

ORDERED, that the Default Judgment granted on January 27, 2010 is vacated as deemed untimely; and it is further

ORDERED, that the above named Defendants show cause before the Hon. Kimba M. Wood, presiding in the United States Courthouse, 500 Pearl Street, Courtroom 15B, New York, NY on February 11, 2010, at 2:30 pm, or as soon thereafter as counsel may be heard, why an order should not issue pursuant to the Federal Rules of Civil Procedure, Rule 65, requiring Defendants to place in trust the sum of $16,997.50 in an interest bearing account in care of Andrew Squire, Esq., as attorney for Plaintiff, in satisfaction of Defendants' trust obligations under Section 5(c) of PACA, as amended, 7 U.S.C. § 499(e); and it is further

ORDERED, that Defendants and their customers, agents, officers, subsidiaries, assigns, and banking institutions not alienate, dissipate, pay over, or assign any assets of Defendants Ahmed B. Kariem, Aicha O. Rakibi, and Kumar Chand except for payment to Plaintiff until further order of this Court or until payment is made to Plaintiff in the sum of $16,997.50 by cashier's check or certified check, at which time this Order is dissolved; and it is further

ORDERED, that in the event that Defendants fail to pay Plaintiff $16,997.50 by cashier's check or certified check within two (2) business days of service of this Order, then Defendants shall file with this Court, with a copy to Plaintiff's counsel, an accounting that identifies all of their assets, liabilities and each account receivable of Ahmed B. Kariem, Aicha O. Rakibi, and Kumar Chand signed under penalty of perjury; and that Defendants shall also supply to Plaintiff's counsel within five (5) days of the date of this Order any and all documents in connection with the assets and liabilities of Ahmed B. Kariem, Aicha O. Rakibi, and Kumar Chand and their related, affiliated, and/or subsidiary companies including but not limited to the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records and income tax returns; and it is further

ORDERED, that the hearing on the Preliminary Injunction is hereby consolidated with the trial on the merits; and it is further

ORDERED, that Defendants shall post a Bond in the sum of $16,997.50 in the event that Defendants are unable to timely deposit $16,997.50 with Plaintiff's counsel, in accordance with this Order; and it is further

5

ORDERED, that service of a copy of this Order and the papers upon which it is based be served by personal service or by fax transmission to (212) 768-8266, at the Defendants' place of business, and by Federal Express or express mail overnight delivery service upon each of the Defendants at 28 West 48th Street, New York, NY, 10036 and 30-11 41st Street, Apt. 9, Astoria, NY 11103, on or before 5:00 pm on February 1, 2010, which shall be deemed good and sufficient service.  Opposition papers shall be filed with the Court (with a courtesy copy for chambers) and served on Plaintiff's attorney no later than February 10, 2010, at 12:00 Noon.

This Temporary Restraining Order is entered this 29th day of January 2010, at 4:20 pm.  A hearing on Plaintiff's motion for a Preliminary Injunction, a Permanent Injunction, and judgment of default, is set for the 11th day of February, 2010, at 2:30 pm. Plaintiff shall forthwith serve Defendants and their counsel, if any, with a copy of this Order.

SO ORDERED.

Dated:    New York, New York
          January **29**, 2010

                                   _____
                                   Kimba M. Wood
                                   United States District Judge